UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DALE MCMANUS, SR., ET AL

                                    CIVIL ACTION

VERSUS

                                    NUMBER 10-332-JJB-SCR

COCO RESOURCES, INC., ET AL

Consolidated for case management with
CV 10-328, CV 10-331, CV 10-333, CV 10-334 and CV 10-335

**This Magistrate Judge's Report applies only to CV 10-332**

<u>NOTICE</u>

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 4, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DALE MCMANUS, SR., ET AL
                                        CIVIL ACTION
VERSUS
                                        NUMBER 10-332-JJB-SCR
COCO RESOURCES, INC., ET AL

Consolidated for case management with
CV 10-328, CV 10-331, CV 10-333, CV 10-334 and CV 10-335

**This Magistrate Judge's Report applies only to CV 10-332**

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Remand filed by the plaintiffs.  Record document number 10.  No opposition or other response has been filed.

### Background and Procedural History

This case arises out of an explosion and fire which occurred on March 30, 2010 at a business located on Eden Church Road in Livingston Parish, Louisiana.  Plaintiff filed a Class Action Petition for Damages in state court, which was removed to this court by defendant Goulds Pumps, Incorporated d/b/a ITT PRO Services[®].  Defendant Goulds Pumps removed the case under 28 U.S.C. §§ 1446 and 1453 and asserted subject matter jurisdiction under § 1332 and the Class Action Fairness Act (CAFA).

Plaintiffs are Louisiana citizens.  The proposed class is defined as follows:

2

> ... all persons and entities who or which sustained direct and/or consequential injury and damages as a result of a Coco Resources, Inc. warehouse fire and subsequent hazardous chemical release in Denham Springs [,] Parish of Livingston, Louisiana, at approximately 2:00 p.m. on Tuesday, March 30, 2010, which caused a large amount of chemicals to be released into the surrounding environment.[1]

Defendant Goulds Pumps is a Delaware corporation with its principal place of business in the state of New York.  After removal, the plaintiffs stipulated to the dismissal of defendant Goulds Pumps.[2]  The sole remaining defendant, Coco Resources, Inc., is a Louisiana corporation.  It neither joined in nor consented to the removal.

Plaintiff moved to remand arguing that CAFA's local controversy exception applies.[3]

## Applicable Law

### Class Action Fairness Act

Enacted on February 18, 2005, CAFA amended the diversity jurisdiction requirements for cases brought as class actions. Section 9 of CAFA provides that "[t]he amendments made by this Act

---

[1] Record document number 1-1, Class Action Petition for Damages, ¶ 2.

[2] Record document number 8.  The memorandum supporting the Motion to Remand explained that stipulation was based on the determination that defendant Goulds Pumps did not own the property where the explosion and fire occurred.  Record document number 10-1, Memorandum in Support of Motion to Remand, pp 2-3.

[3] Plaintiffs made other arguments in support of their motion which do not need to be addressed.

shall apply to any civil action commenced on or after the date of enactment of this Act." Pub.L. 109-2, § 9.   Pursuant to these revisions, most of which are found in § 1332(d), federal diversity jurisdiction is conferred over class actions where (1) the aggregate amount in controversy exceeds $5,000,000 dollars; (2) minimal diversity is met, i.e. any member of a class of plaintiffs is a citizen of a State different from any defendant; (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more. *In re Textainer Partnership Securities Litigation*, 2005 WL 1791559 (N.D. Cal. July 27, 2005), *citing*, §§ 1332(d)(2) and (5).

The new class action diversity jurisdiction requirements are subject to mandatory grounds on which a court must decline jurisdiction.   Section 1332(d)(4) provides as follows:

> (4)   A district court shall decline to exercise jurisdiction under paragraph (2)--
> (A)(i) over a class action in which--
> > (I)   greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> > (II)   at least 1 defendant is a defendant--
> > > (aa)   from whom significant relief is sought by members of the plaintiff class;
> > > (bb)   whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > (cc)   who is a citizen of the State in which the action was originally filed; and
> > (III)   principal injuries resulting from the alleged

4

conduct or any related conduct of each
defendant were incurred in the State in which
the action was originally filed; and

(ii) during the 3-year period preceding the filing of
that class action, no other class action has been
filed asserting the same or similar factual
allegations against any of the defendants on behalf
of the same or other persons; or

(B) two-thirds or more of the members of all proposed
plaintiff classes in the aggregate, and the primary
defendants, are citizens of the State in which the action
was originally filed.

## Analysis

The circumstances described in § 1332(d)(4)(B) exist in this case.  From the class descriptions, it appears that more than two-thirds of the members of the proposed classes are Louisiana citizens, and the sole remaining defendant is also a Louisiana citizen.  Consequently, this court must decline to exercise subject matter jurisdiction in this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted.

Baton Rouge, Louisiana, October 4, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE